FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 0 6 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JESSE WELDON,

        Plaintiff,

v.

BARTOW COUNTY BOARD OF
EDUCATION, et al.,

        Defendants.

CIVIL ACTION

NO. 4:06-CV-29-RLV

O R D E R

This is an action pursuant to 28 U.S.C. § 1983, in which the plaintiff alleges that his civil rights were violated in several ways; he has also asserted state law claims for malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress. Pending before the court is the defendants' motion to set aside entry of default [Doc. No. 8] and motion to supplement motion to set aside entry of default [13]. The motion to supplement is GRANTED.

An inordinate amount of paper has been generated over a fairly simple matter. Rule 55(c), Federal Rules of Civil Procedure, provides that the court may set aside the clerk's entry of default upon a showing of "good cause." "Good cause" is not susceptible to a precise formula, but the Eleventh Circuit has set forth certain guidelines.

> Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Rafidain Bank*, 15 F.3d at 243; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not

talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996).

In the instant case, counsel for one of the defendants had a discussion with the plaintiff's counsel (who has since been removed as counsel of record for the plaintiff) regarding acknowledging service and the fact that such acknowledgement would give his client 60 days to answer the complaint instead of 20. Apparently, there was a misunderstanding because the plaintiff's counsel later moved for the entry of default.

This court need not reach the issue of whether good cause has been shown, since the court has determined that the plaintiff's complaint must be recast and refiled. Such action will start the clock anew for the serving of an answer.

The plaintiff's complaint is the classic shotgun pleading routinely condemned by the Eleventh Circuit. See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002); Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290 (11th Cir. 1998). The complaint contains five counts, but each count incorporates all preceding counts.[1] The printed caption of the case names "MEMBERS OF THE BOARD OF EDUCATION, in their official capacities," but someone has

---

[1] There are two Count Threes; one is for false arrest and one is for false imprisonment

2

handwritten their names off to one side. Since the Bartow County Board of Education is sued, it is superfluous to sue the members in their official capacity.[2] The complaint refers generally to "defendants" without specifying which defendant committed which act complained of. Additionally, the court notes that in count three (false imprisonment), the plaintiff alleges that he was falsely imprisoned but does not say which defendant falsely imprisoned him. The same is true for count five (intentional infliction of emotional distress); the plaintiff alleges that he suffered emotional distress because of a "malicious arrest" but does not allege who performed that arrest.

The plaintiff is directed to file and serve an amended and recast complaint within 20 days from the date of the docketing of this order; failure to do so will result in dismissal of the action. The defendants will have 20 days after such service to serve and file their responsive pleadings.

As noted earlier, this case has generated far too much paper. The court reminds counsel that it is a district court sitting in the Eleventh Circuit. Therefore, the fact that other circuit courts have ruled a particular way does not make such ruling the law of this circuit. String citations to district court decisions

---

[2] The court makes no determination as to whether the Bartow County Board of Education is a legal entity capable of being sued. The court merely observes that when the legal entity is sued, there is no need to sue the members of that entity in their official capacity. See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099 (1985).

around the country are particularly unpersuasive, especially when the reasoning behind those statements are not given. The court is confident that the amount of paper generated in the future will be far more manageable if counsel, in their briefs, cite only controlling law or give precise reasons why non-binding statements should be adopted by this court.

In summary, the defendants' motion to set aside entry of default [Doc. No. 8] is DISMISSED as moot; the defendants' motion to supplement their motion to set aside default [Doc. No. 13] is GRANTED. The plaintiff is directed to serve and file an amended and recast complaint within 20 days from the date of the docketing of this order.

SO ORDERED, this 6th day of June, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge